**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:18-cv-24870-KMM

BETTY SANCHEZ,

      Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security Administration,

      Defendant.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S UNOPPOSED MOTION FOR**
**ATTORNEYS' FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**

      This matter is before the Court on Plaintiff Betty Sanchez's ("Plaintiff") Unopposed Motion for Attorneys' Fees and Costs ("Motion") under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF No. [31].  After due consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court **RECOMMENDS** that Plaintiff's Motion, ECF No. [31], be **GRANTED**.  For the reasons discussed below, Plaintiff should be awarded **$6,315.86** in attorneys' fees and **$400.00** in cost of filing fees payable directly to Plaintiff's counsel after the Government determines whether Plaintiff owes a federal debt.

**I.      BACKGROUND**

      On November 20, 2018, Plaintiff filed the instant Complaint seeking judicial review of Defendant's final decision denying Plaintiff's claim for disability benefits under the Social Security Act.  ECF No. [1].  On June 6, 2019, Plaintiff filed her Motion for Summary Judgment, ECF No. [21], and Defendant filed a Motion for Summary Judgment on July 29, 2019, ECF No. [25].  On February 22, 2020, the undersigned entered a Report and Recommendation denying

Defendant's Motion for Summary Judgment and granting in part and denying in part Plaintiff's Motion for Summary Judgment.  ECF No. [27] at 1.  Specifically, the undersigned recommended that the Administrative Law Judge's ("ALJ") decision be reversed and remanded.  *Id*. at 28.  The District Court adopted the undersigned's Report and Recommendation on March 16, 2020.  ECF No. [28].  On April 27, 2020, Plaintiff filed the instant Motion requesting $6,315.86[1] in attorneys' fees and $400.00 in filing fees under the EAJA.  ECF No. [31] at 2–3, 9–13.

II.    **ANALYSIS**

**A.  Plaintiff Is Entitled To Recover Her Costs and Attorneys' Fees.**

Under the EAJA, a party is entitled to costs and an award of attorneys' fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorneys' fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust.  28 U.S.C. § 2412(d).  A plaintiff in a social security appeal prevails if the court orders a "sentence four remand."  *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993).  "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry."  *Delaney v. Berryhill*, No. 17-81332-CIV-BRANNON, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018); *see Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").  An EAJA request must allege that the Government's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was.  *See*

---

[1] Plaintiff states that she is entitled to $6,315.86 in attorneys' fees for 1.6 hours of work at an hourly rate of $201.60 in 2018, 26.2 hours of work at an hourly rate of $205.25 in 2019, and 3.0 hours of work at an hourly rate of $205.25 in 2020.  ECF No. [31] at 3–13.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *see also U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Plaintiff is entitled to an EAJA award because she has satisfied all five conditions.  First, Plaintiff was the prevailing party in this case because on March 16, 2020, the Court reversed and remanded the ALJ's Opinion and remanded the case to the Commissioner of Social Security for further proceedings.   ECF No. [28] at 2.   Second, Plaintiff's Motion alleges that the Commissioner's position was not substantially justified, and the Commissioner failed to argue otherwise. ECF No. [31] at 10–11.  Third, Plaintiff's Motion was timely filed.[2]  Fourth, Plaintiff's Motion alleges that Plaintiff's net worth was less than two million when the Complaint was filed. ECF No. [31] at 2.   Finally, this case does not appear to present any special circumstances. Accordingly, the Court finds that all five conditions have been met in this case and that Plaintiff is entitled to an EAJA award of costs and attorneys' fees.  The Court must now determine whether the amount of attorneys' fees requested is reasonable.

---

[2] Specifically, Plaintiff's Motion was filed on April 27, 2020, well in advance of November 12, 2020—the thirty-day deadline of the District Court's March 16, 2020 Order, ECF No. [28], becoming a final non-appealable judgment.  *See Shalala*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.,* 30 days after the time for appeal has ended.").   Here, because the District Court did not issue a separate document of judgment, its March 16, 2020 Order, ECF No. [28], did not become a judgment, within the meaning of Federal Rule of Civil Procedure 58, until 150 days later or August 13, 2020.  *See* Fed. R. Civ. P. 58; *see also Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. Oct. 16, 2018), *report and recommendation adopted*, No. 16-CV-21307-KMM, 2018 WL 6620136 (S.D. Fla. Nov. 16, 2018). In addition, because the Commissioner had sixty days to appeal, the District Court's March 16, 2020 Order does not become a final non-appealable judgment until Monday, October 13, 2020—sixty days from August 13, 2020.  *See Baez v. Comm'r of Soc. Sec.*, No. 18-11952, 2019 WL 285195, at *2 (11th Cir. Jan. 22, 2019) (citing Fed. R. App. P. 4(a)(1)(B) ("Because a United States officer is a party to this action, the government had 60 days to appeal after entry of judgment."); *see also Shalala*, 509 U.S. at 303 ("EAJA's 30-day time limit runs from the *end* of the period for appeal, not the *beginning*.") (emphasis in original). Because Monday, October 12, 2020 is a holiday and the Court is closed, the operative date is Tuesday, October 13, 2020.  *See Cruz*, 347 F. Supp. at 1203 n.6; *see also* Fed. R. Civ. P. 6(a)(1)(C).

### B.  Plaintiff Should Be Awarded $6,315.86 In Attorneys' Fees.

The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act."  *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992).  The first step "is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'"  *Id.* (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor."[3]  *Id.* at 1033–34.   The undersigned next analyzes the reasonableness of Plaintiff's requested hourly rate and number of hours expended in this matter.

### 1.  Attorneys Rogelio R. Oliver, Lead Lawyer, And Katherine O. Palacios-Moreno Should Be Awarded an Hourly Rate of $201.60 For Work Performed In 2018, And $205.25 For Work Performed In 2019 And 2020.

The EAJA provides that attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).   The EAJA, therefore, expressly provides for a cost of living adjustment.  *Sensat v. Berryhill*, No. 15-24727-CIV-SIMONTON, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018).  Indeed, the Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered "next to automatic."  *Meyer*, 958 F.2d at 1035 n.9.  When the work performed is over the course of several years, the hourly rate should be calculated to

---

[3] After *Meyer*, Congress increased the hourly rate from $75.00 per hour to $125.00.  *See* 28 U.S.C. § 2412(d)(2)(A).  The Court has adjusted the two-step analysis to account for this change in hourly rate.

4

correspond to the cost of living for each year that the work was performed, not the rate at the time when the award is made.  *Sensat*, 2018 WL 5257143, at *6 (collecting cases).

Here Plaintiff is represented by attorneys Rogelio R. Oliver, as lead lawyer, and Katherine O. Palacios-Moreno.  ECF No. [31].  According to Mr. Oliver's Declaration, he has been a licensed attorney since 1977.  *Id.* at 4.  Additionally, Mr. Oliver submitted a "Schedule of Hours" for his work on the above captioned matter indicating that he dedicated a total of 1.3 hours in the year 2018, no hours in 2019, and 0.9 hours in 2020.  *Id.* at 5.  Ms. Palacios-Moreno's Declaration stated that she has been a licensed attorney since 2013.  *Id.* at 6.  Her "Schedule of Hours" showed that she dedicated 0.3 hours in 2018, 26.2 hours in 2019, and 2.1 hours in 2020, to the instant matter. *Id.* at 7–8.  According to Plaintiff, the attorneys' requested hourly rates—$201.60 in 2018, $205.25 in 2019, and $205.25 in 2020—reflect the cost of living adjustment for each of the years spent working on this matter.  *Id.* at 11–13.  Plaintiff's attorneys propose to apply the rates to the corresponding number of hours in each year that the work was performed.  The undersigned accepts the proposed calculation of the hourly rate for each year.[4]

---

[4] Specifically, the figure for 2018 is "calculated by taking the 'Annual' CPI rate for 2018 and subtracting from it the March 1996 rate (251.107 - 155.7 = 95.407) and then dividing that number by the March 1996 rate (95.407 ÷ 155.7 = 0.6128).  *See Sensat*, 2018 WL 5257143, at *6 n.12. Then, "[t]he cost-of-living percentage increase is [] applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA" ((0.6128 × 125) + 125 = 201.6).  *Id.*; *see* Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited Dec. 23, 2019).  For 2019, the figure is calculated by taking the Annual CPI rate for 2019 and subtracting from it the March 1996 rate (255.657 - 155.7 = 99.957) and then dividing that number by the March 1996 rate (99.957 ÷ 155.7 = 0.642).  *See Sensat*, 2018 WL 5257143, at *6 n.12.  The cost-of-living percentage is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.642 × 125) + 125 = 205.25).  *Id.*  For 2020, Plaintiff used the same billing rate of $205.25 from 2019 because the 2020 Annual CPI rate was not yet available in order to calculate the cost of living adjustment for that year.

## 2. The Number Of Hours Expended By Attorneys Mr. Oliver and Ms. Palacios-Moreno Are Reasonable.

The fee applicant bears the burden to establish that the hours for which fees are sought were "reasonably expended on the litigation." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999) (quotation marks omitted). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306. "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738 (citing *Norman*, 836 F.2d at 1301). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. A trial court is "itself an expert" on reasonable rates, may consider its own "knowledge and experience" concerning reasonable rates, and may "form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Here Plaintiff submits that her counsel expended 30.8 hours in prosecuting this action. ECF No. [31] at 3, 5, 7–8, 11. Plaintiff has provided the time records of her counsel, Mr. Oliver

---

Although in Plaintiff's calculations, the annual CPI rates varied slightly—with Plaintiff applying an annual CPI rate in 2018 of 251.113 and an annual CPI rate in 2019 of 255.6594—these variations were inconsequential to the final calculations. The hourly rates for each year resulted the same regardless of the different annual CPI rates used by this Court and Plaintiff.

and Ms. Palacios-Moreno, which contain a detailed breakdown of the tasks they each performed, when they performed them, and how long it took to complete them. *Id.* at 5, 7–8. Mr. Oliver's work on this case consisted of meeting with Plaintiff, preparing the Complaint, reviewing the filings, meeting with Plaintiff regarding the outcome of litigation, and preparing for the filing of this instant Motion. *Id.* at 5. Ms. Palacios-Moreno's work on this case consisted of evaluating the underlying administrative record, reviewing case filings, preparing Plaintiff's Motion for Summary Judgment, and preparing the instant Motion. *Id.* at 7–8. Drawing upon its own knowledge and expertise, the undersigned finds that the time expended in prosecuting this action is reasonable. Accordingly, Plaintiff should recover 1.6 hours for work performed in 2018 at an hourly rate of $201.60, 26.2 hours for work performed in 2019 at an hourly rate of $205.25, and 3 hours for work performed in 2020 at an hourly rate of $205.25. Specifically, Plaintiff should recover $322.56 for work her counsel performed in 2018, $5,377.55 for work her counsel performed in 2019, and $615.75 for work her counsel performed in 2020. In sum, Plaintiff should recover a total attorneys' fee award of $6,315.86.

**C.  The Attorneys' Fee Award Should Be Payable To Plaintiff's Counsel.**

The undersigned next evaluates whether the award of attorneys' fees should be payable to Plaintiff or Plaintiff's attorney. In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards are subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States. 560 U.S. 586, 589 (2010). The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 596–98; *Montgomery v. Comm'r of Soc. Sec.*, No. 6:17-CV-1886-ORL-GJK, 2019 WL 2515824, at *1 (M.D. Fla. Feb. 6, 2019). In order for an assignment to be valid, it must

comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[5]   *Milanes v. Berryhill*, No. 15-CV-23171-MCALILEY, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017).   However, the Government can waive the requirements of the Anti-Assignment Act.  *Sensat*, 2018 WL 5257143, at *7 n.14; *see Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses); *see also Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding that the government may waive the Anti–Assignment Act's prohibition in section 3727(a) against the assignment of claims).

Although Plaintiff here does not expressly request that the attorneys' fees and costs award be paid directly to Plaintiff's attorney, Plaintiff's Motion includes an Assignment of EAJA Fees ("Assignment") executed by Plaintiff.  ECF Nos. [31] at 13; [31-1].  Specifically, Plaintiff's Assignment, states that Plaintiff "hereby assign[s] any court-awarded EAJA attorney fees to [her] attorney." ECF No. [31-1].  The Assignment is signed by both Plaintiff and attorney Rogelio Oliver.  *Id.*  As such, the undersigned interprets Plaintiff's reference to her Assignment as a request that the award of attorneys' fees and costs be payable to her attorney.

---

[5] The Anti-Assignment Act states in pertinent part that:

> [A] transfer or assignment of any part of a claim against the United States . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued.  The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses.  The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment.  The certificate shall state the official completely explained the assignment when it was acknowledged.  An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)–(b).

Plaintiff's Assignment here fails to comply with the Anti-Assignment Act. Specifically, the Assignment does not satisfy the requirements of the Anti-Assignment Act because it: (1) was made before Plaintiff's claim for attorneys' fees was allowed and the amount decided, (2) was not attested by two witnesses, and (3) was not certified by an official. ECF No. [31]. However, the Commissioner has not objected to the Assignment or to Plaintiff's request that the attorneys' fee award be paid directly to Plaintiff's counsel. Consequently, even though the Assignment failed to comply with the requirements of the Anti-Assignment Act, as previously noted, the undersigned finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the Commissioner waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that the payment be made directly to counsel even though the assignment failed to satisfy the Anti-Assignment Act); *see also Milanes*, 2017 WL 3493145, at *2 (noting that the commissioner had waived the requirements of the Anti-Assignment Act, subject to plaintiff owing a federal debt, even though the assignment did not satisfy the requirements of the Anti-Assignment Act). Accordingly, the attorneys' fee award should be payable to Plaintiff's counsel, Mr. Oliver, subject to offset against any pre-existing debt Plaintiff may owe to the United States.

## III.   RECOMMENDATION

For the forgoing reasons, this Court **RECOMMENDS** that Plaintiff's Motion, ECF No. [31], be **GRANTED**. Plaintiff should be awarded **$6,315.86** in attorneys' fees and **$400.00** in costs, which should be made payable directly to Plaintiff's counsel, after the Government determines whether Plaintiff owes a federal debt.

IV.     **OBJECTIONS**

Pursuant to Local Magistrate Rule 4(b) and Federal Rule of Civil Procedure 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Order.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the report and shall bar the parties from challenging on appeal the District Judge's Order based on any factual or legal conclusions included in this Report to which the parties failed to object.  28 U.S.C. § 636(b)(1); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on September 8, 2020.

_____
JACQUELINE BECERRA
United States Magistrate Judge