UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-24870-KMM/Becerra

BETTY SANCHEZ,

       Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of the Social Security
Administration,

       Defendant.
_____/

**REPORT AND RECOMMENDATION[1] ON UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)**

       This matter is before the Court on Plaintiff's Attorneys, Katherine O. Palacios-Moreno and Rogelio R. Oliver's, Unopposed Motion for Approval of Attorneys' Fees Under 42 U.S.C. § 406(b) (the "Motion"). ECF No. [35]. Defendant did not file a response to the Motion. After due consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court **RECOMMENDS** that Plaintiff's Motion be **GRANTED**. For the reasons discussed below, Plaintiff's counsel should be awarded attorneys' fees in the amount of **$25,970.40** with the understanding that the previously awarded Equal Access to Justice Act ("EAJA") fee in the amount of $6,315.86 will be reimbursed to Plaintiff by her attorneys.

    **I.**    **BACKGROUND**

       On November 20, 2018, Plaintiff initiated this case by filing a Complaint under the Social Security Act seeking judicial review of the final decision denying Plaintiff's claim for disability

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge. ECF No. [36].

benefits.  ECF No. [1].  On March 16, 2020, the District Court granted Plaintiff's Motion for Summary Judgment and remanded this matter for further proceedings.  ECF No. [28].  On December 27, 2020, the Social Security Administration (the "SSA") determined that Plaintiff's past-due benefits totaled $155,881.60 and that it was withholding $38,970.40 for the payment of attorneys' fees.  ECF No. [35-2].

On April 27, 2020, Plaintiff filed an Unopposed Motion for Attorneys' Fees and Costs under the EAJA, requesting $6,315.86 in attorneys' fees and $400.00 in costs.  ECF No. [31]. Plaintiff's Motion under the EAJA was subsequently granted on October 28, 2020.  ECF No. [34]. On July 7, 2021, the SSA issued an Authorization to Charge and Collect a Fee, authorizing Rogelio R. Oliver to charge Plaintiff $13,000.00 for her representation before the SSA.  ECF No. [35-3] at 2.  Thereafter, Mr. Oliver and Katherine O. Palacios-Moreno, Plaintiff's counsel in this case, filed the instant Motion seeking approval of their $25,970.40 fee and stating that the previously awarded EAJA fee of $6,315.86 "will be remitted" to Plaintiff.  ECF No. [35] at 13.

**II.     ANALYSIS**

**A.  Counsel is Entitled to Attorneys' Fees Under 42 U.S.C. § 406.**

The Social Security Act provides that upon the rendition of a judgment in favor of a claimant who was represented by counsel, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A).  However, an award of fees under Section 406(b) is offset by any previously awarded EAJA fees.  *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) ("Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller

2

fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.").

Here, the instant fee request is undisputed, and Defendant did not file any opposition to the request. ECF No. [35]. Accordingly, the undersigned concludes that Plaintiff's counsel is entitled to recover its reasonable fee under Section 406(b).

### B. The Amount Of Attorneys' Fees Requested Is Reasonable.

The Supreme Court has provided guidance in determining counsel's reasonable fee under the Social Security Act. Specifically, the Court provided that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Thus, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

In determining whether the requested fee is reasonable, the Court must conduct an independent review of the fee agreement. *Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1285 (11th Cir. 2014). In doing so, the Court may consider, among other factors, the agreement itself, the extent of the services performed by counsel, the complexity of the case, and the results achieved. *See Gisbrecht*, 535 U.S. at 807–08.

Here, Plaintiff's attorneys are seeking $25,970.40, which is 25 percent of Plaintiff's past-due benefits ($155,881.60) minus the $13,000.00 awarded by the SSA for the agency-level work performed. ECF No. [35] at 8. Counsel submitted the fee agreement, which provides that recovery of attorneys' fees is contingent upon a favorable outcome and the amount, if any, shall be within

the 25 percent boundary set forth in Section 406(b). ECF No. [35-1]. Further, Plaintiff's attorneys state that they expended 30.8 hours in this case. *Id.* at 9. Indeed, this case included an 802-page transcript, ECF No. [11], and the cross-motions for summary judgment presented record-intensive issues. Furthermore, similar fee petitions have been found to be reasonable in this District. *See Forbes v. Berryhill*, No. 18-CV-61769, 2021 WL 256364, at *2 (S.D. Fla. Jan. 26, 2021) (finding counsel's reasonable fee under Section 406(b) to be $31,998.62 minus the $6,000.00 already paid by the SSA, for a total of $25,998.62); *Marrero v. Saul*, No. 18-22509-CIV, 2020 WL 6515957, at *2 (S.D. Fla. Nov. 5, 2020) (awarding $24,186.00 in attorneys' fees under Section 406(b))

Based on the foregoing, the Court concludes that the fee requested by counsel is within the 25 percent boundary set forth in Section 406(b) and is reasonable considering the time dedicated and the results obtained. As noted by Plaintiff's counsel, Plaintiff shall be refunded the previously awarded EAJA fee in the amount of $6,315.86.

### III.     CONCLUSION

For the forgoing reasons, it is hereby **RECOMMENDED** that Plaintiff's Attorneys' Unopposed Motion for Approval of Attorneys' Fees Under 42 U.S.C. § 406(b), ECF No. [35], be **GRANTED**. Plaintiff's attorneys should be entitled to an award of $25,970.40 in attorneys' fees, and the $6,315.86 EAJA fee should be refunded to Plaintiff, upon a determination that Plaintiff owes no qualifying, preexisting debts to the Government.

### IV.     OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this

Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on September 29, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge